AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
для
for the
District of New Jersey

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Louis Taylor | ) | Case No. |
| | ) | Mag. No. 21-mj-17013 (SAK) |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 29, 2020__ in the county of __Gloucester__ in the _____ District of __New Jersey__, the defendant(s) violated:

| Code Section | Description of Offenses |
|---|---|
| 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii) | See Attachment A. |

This criminal complaint is based on these facts:
See Attachment B.

☑ Continued on the attached sheet.

_____
Complainant's signature

Nicholas Singer, Special Agent, DEA
Printed name and title

Date: 06/22/2021

_____
Judge's signature

City and state: Camden, New Jersey        Hon. Sharon A. King, U.S. Magistrate Judge
Printed name and title

CONTENTS APPROVED

UNITED STATES ATTORNEY

By: _____

Jeffrey B. Bender, Assistant U.S. Attorney

Date: June 22, 2021

## ATTACHMENT A

### COUNT ONE

(Possession with Intent to Distribute More than 50 Grams of Methamphetamine)

On or about September 29, 2020, in Gloucester County, in the District of New Jersey and elsewhere, the defendant,

**LOUIS TAYLOR**,

knowingly and intentionally possessed with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A)(viii).

## ATTACHMENT B

I, Nicholas Singer, am a Special Agent with the Drug Enforcement Administration. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, photographs and video recordings of the evidence. Where statements of others are related herein, they are related in substance and part. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date and time, I am asserting that it took place on or about the date and time alleged.

1. On September 2, 2020, law enforcement officers surveilled LOUIS TAYLOR ("TAYLOR") in Runnemeade, New Jersey, providing suspected crystal methamphetamine to another person ("Individual 1") in exchange for cash. During this transaction, Individual 1 and TAYLOR discussed TAYLOR selling crystal methamphetamine to Individual 1's "friend," who was actually an undercover agent ("UC"). TAYLOR agreed to meet with the UC in order to sell the UC two ounces of crystal methamphetamine.

2. On September 9, 2020, the UC met TAYLOR at a parking lot in Clayton, New Jersey, for the purpose of conducting a controlled purchase of two ounces of crystal methamphetamine from TAYLOR in exchange for $2,200. Shortly after TAYLOR entered the UC's vehicle, the UC handed TAYLOR $2,200 in cash. TAYLOR retrieved from his pants a baggie of suspected crystal methamphetamine that TAYLOR then put onto a scale located in the center console of the UC's car. TAYLOR returned approximately $100 to the UC after the scale showed that the baggie weighed less than two ounces. After a short discussion about TAYLOR providing larger quantities of drugs to the UC, TAYLOR departed the UC's car. Later testing by a DEA laboratory confirmed that the substance contained 45.3 grams (+/- 2.9 grams) of 94% (+/- 6%) pure methamphetamine hydrochloride. The transaction was audio and video recorded.

3. After the transaction on September 29, 2020, TAYLOR and the UC communicated via recorded phone calls and text messages. They arranged to meet on September 29, 2020 for Taylor to provide two ounces of crystal methamphetamine to the UC.

4. On September 29, 2020, the UC met TAYLOR at a parking lot in Clayton, New Jersey, for the purpose of conducting another controlled purchase of two ounces of crystal methamphetamine from TAYLOR in exchange for $2,200. Shortly after TAYLOR entered the UC's vehicle, the UC counted out and handed TAYLOR $2,200. TAYLOR retrieved from the pocket of his sweatshirt a baggie of suspected crystal methamphetamine that TAYLOR then put onto a scale located in the center console of the UC's car. After verifying the weight, the UC closed

the center console. After a short discussion about TAYLOR providing larger quantities of drugs to the UC, TAYLOR departed the UC's car. Later testing by a DEA laboratory confirmed that the substance contained 55.467 grams (+/- 3.415 grams) of 98% (+/- 6%) pure methamphetamine hydrochloride. The transaction was audio and video recorded.